**PATTERSON, Plaintiff-Appellant, v. HENRY et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Harrison County.

No. 281. Decided January 30, 1953.

John G. Worley, Morris O. Gibby, Cadiz, for plaintiff-appellant.
Birney Pettay, Edward Mosser, Cadiz, for defendants-appellees.

## OPINION

Per CURIAM.

Plaintiff appealed on questions of law and fact from a judgment of the court of common pleas entered upon a verdict of the jury returned for defendants in plaintiff's action filed in the court of common pleas against them to recover damages for injuries sustained as the result of an assault and battery, to which defendant, R. B. Henry, pleaded guilty before a justice of the peace of Harrison county upon an affidavit sworn to by his father, defendant George Henry.

The appeal was not properly appealed as one on questions of law and fact. The words "and fact" were stricken from plaintiff's notice of appeal, and it appearing that a bill of exceptions was filed the appeal was retained, argued, submitted, and will be determined as one on questions of law.

On December 28, 1948, by means of a team of horses and scraper plaintiff was engaged in grading a leased tract of land situated near his farm in Harrison county. In the course of that work he drove the team of horses between gasoline pumps and a store building owned and operated by defendants, who objected on the ground that he was distributing dirt on their property, although the ownership of the land is in dispute. There is evidence that as a result of that objection defendant, George Henry, physically held and later released plaintiff, and on plaintiff's next trip with the scraper defendant, R. B. Henry, son of defendant, George Henry, struck plaintiff, knocked him down, and beat him, as the result of which plaintiff sustained personal injuries.

Plaintiff contends by his assignments of error that the court erred in the admission and in the exclusion of evidence "in that the appellees were allowed to confuse the issue by the introduction of testimony on their part irrelevant to the issues in the action," and as a result of which appellant was prejudiced in presenting his case; that the court did not make clear in his charge to the jury the law governing assault and battery and the legal liability of those engaged therein, and "the charge was thus so inadequate as to be prejudicial to the appellant"; that "the verdict and judgment was contrary to law and against the manifest weight of the evidence"; and that the court erred in overruling his motion for a new trial.

As to the admission of evidence plaintiff maintains that the trial judge erred to his prejudice in the admission on cross-examination of plaintiff of evidence that defendants were annpoyed by plaintiff's methods of prosecution of the work in which he was engaged since, as they contend, "the sole issue was whether Patterson had attacked the Henrys so that they were entitled to act in self defense."

We do not believe that the trial judge erred to plaintiff's prejudice as urged in this assigned ground. Evidence of conduct of the plaintiff causing annoyance to defendants was admissible on the right to punitive damages.

With reference to the exclusion of alleged properly admissible evidence plaintiff contends that the trial judge erred to his prejudice in excluding the record of a Justice of the Peace showing that defendant, George Henry, made affidavit against defendant, R. B. Henry, to the commission of an assault and battery, and the former's plea of guilty

thereto. We find no merit in this assigned ground of error under the circumstances shown in the proceeding in the Justice of the Peace Court.

Plaintiff was later afforded the opportunity, on cross-examination, of showing that R. B. Henry had plead guilty to an affidavit filed against him by George Henry charging him with assault and battery upon plaintiff. Such plea by R. B. Henry was an admission against his interest, and it would go to the jury otherwise than by the record of the Justice of the Peace.

In referring to compensatory and punitive damages in his general charge, the trial judge referred to mitigation and provocation, and charged the jury inter alia with reference thereto in these words "brought about by any words or acts of the plaintiff toward the defendants, if any have been shown, that tended to provoke the defendants to commit an assault and battery upon the plaintiff." We find the trial court clearly explained to the jury that mitigating circumstances can be considered only in relation to punitive damages. But plaintiff contends the court should have "offset" the effect of such charge "by explaining under what circumstances an assault and battery was justified under the law, and what measure or force can lawfully be used where bodily harm is reasonably anticipated or what rights the respective parties had in pursuing any business on which they were engaged so long as it did not encroach upon the legal rights of others."

If any omission of the trial court to so charge tended to confuse the jury upon the issue of defendant's guilt of the assault and battery alleged in the petition, plaintiff should have requested a specific charge thereon. So far as we find by the pleadings and evidence defendants had not sought to justify an assault by them on the ground of self-defense, that being an affirmative defense required to be asserted in the answer. Their defense was that they had not committed the assault and battery alleged in plaintiff's petition. There was, therefore, no occasion to charge on "self-defense." But if the jury found for plaintiff and that defendants had perpetrated the assault and battery through malice toward plaintiff, then in mitigation of punitive damages only the jury were properly instructed they might consider provocation, if any had been shown. We do not find the charge prejudicially erroneous.

It is contended by appellant that the verdict is against the manifest weight of the evidence, and it must be admitted there is considerable evidence shown in the record upon which the jury could properly have found for plaintiff. But the evidence is conflicting, the defendants denying any assault upon plaintiff. Had the members of this court been sitting as the jury we may have arrived at a verdict for plaintiff upon the evidence. But we are not a jury, we did not see the witnesses, and we have no opportunity to correctly determine the credit to be given to their testimony. That was the province of the jury, and we find nothing in the record which should induce this court to usurp the functions of the jury.

Finding that this case has been fairly tried, and that substantial justice has therefore been had in the trial court, the judgment is affirmed, no prejudicial error intervening.

Judgment affirmed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.